UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CIVIL ACTION NO. 5:10-cv-211-KKC

CHARLENE K. JAMES     PLAINTIFF

v.     **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY     DEFENDANT

\* \* \*   \* \* \*   \* \* \*   \* \* \*

This matter is before the Court on cross motions for summary judgment filed by Plaintiff Charlene K. James and Defendant Michael J. Astrue, Commissioner of Social Security. Rec. 9, 10. For the reasons set forth below, the Court will deny the Plaintiff's motion and will grant the Defendant's motion.

### I.     FACTS AND PROCEDURAL HISTORY

At the time of the alleged disability onset date, the Plaintiff was a forty-nine year old female with a ninth grade education. AR 77, 110, 13. She has past relevant work experience as a fabricator weaver and a loom weaver. AR 81, 189-92. She alleges disability beginning on August 1, 2005 due to a combination of impairments, including degenerative disc disease of the lumbosacral and thoracic spines and a herniated disc in the thoracic spine, among others. AR 77.

In late September or early October 2006, the Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income. AR 75, 110-24, 137. Her claim was denied initially and upon reconsideration. AR 75. The Plaintiff then requested a hearing before an Administrative Law Judge. AR 75. The request was granted and the Plaintiff appeared and testified at a hearing held on November 24, 2008. AR 75.

On March 18, 2009, Administrative Law Judge Ronald M. Kayser determined that the Plaintiff was not disabled as defined by the Social Security Act. AR 75-81. The Plaintiff filed a request for review by the Social Security Administration's Appeals Council, but the request was denied. AR 1-3. Consequently, the ALJ's decision became the final decision of the Commissioner. Since the Plaintiff has exhausted all of her administrative remedies, her claims are ripe for review by this Court pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## II. DISCUSSION

### A. Standard of Review

When reviewing decisions of the Social Security Agency, the Court is commanded to uphold the Agency decision, "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal quotation marks and citation omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 285-86 (6th Cir. 1994).

This Court is required to defer to the Agency's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). The Court cannot review the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 468 (6th Cir. 2006); *Garner v.*

*Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Where the Commissioner adopts the ALJ's opinion as its own opinion, the Court reviews the ALJ's opinion directly. *See Sharp v. Barnhart*, 152 F. App'x 503, 506 (6th Cir. 2005).

**B. Overview of the Process**

Under the Social Security Act, disability is "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). The disability determination is made by an ALJ using a five step sequential evaluation process. *See* 20 C.F.R. § 416.920. The claimant has the burden of proving the existence and severity of limitations caused by her impairment and that she is precluded from doing past relevant work for the first four steps of the process. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). However, the burden shifts to the Commissioner for the fifth step. *Id.*

At the first step, the claimant must show that she is not currently engaging in substantial gainful activity. *See* 20 C.F.R. § 416.920(a)(4)(I); 20 C.F.R. § 404.1520(b). At the second step, the claimant must show that she suffers from a severe impairment or a combination of impairments that are severe. *See* 20 C.F.R. § 404.1520(c). At the third step, a claimant must establish that her impairment or combination of impairments meets or medically equals a listed impairment. *See* 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404.1525; 20 C.F.R. § 404.1526.

Before considering the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"). *See* 20 C.F.R. § 404.1520(e). The RFC analyzes an individual's ability to do physical and mental work activities on a sustained basis despite any existing mental or physical impairments. In determining the RFC, the ALJ must consider all of the claimant's

3

impairments, including those which are not severe. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545. Once the ALJ has determined the claimant's RFC, he must determine whether the claimant has the RFC to perform the requirements of her past relevant work. *See* 20 C.F.R. § 404.1520(f).

At the fifth step, the burden shifts to the Commissioner to establish that there is sufficient work in the national economy that the claimant can perform given her RFC, age, education and work experience. *See* 20 C.F.R. § 404.1520(g); 20 C.F.R. § 404.1512(g); 20 C.F.R. § 404.1560(c).

**C. The ALJ's Decision**

At step one of the sequential evaluation process, the ALJ determined that the Plaintiff had not engaged in substantial gainful activity since August 1, 2005, the alleged onset date. AR 77. At step two, the ALJ found that the Plaintiff had the following severe impairments: degenerative disc disease of the lumbosacral and thoracic spines with an annular tear at L5-S1 and a tiny herniated disc in the thoracic spine, left greater trochanteric bursitis, and myofascial pain of the left psoas muscle. AR 77-79. However, at step three, the ALJ found that these impairments did not meet or medically equal one of the listed impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 79.

Prior to step four, the ALJ determined that the Plaintiff has the RFC to perform work at the medium exertional level, except she should avoid climbing ropes, scaffolds, and ladders. AR 79-81. Since the Plaintiff's past relevant work as a fabricator weaver and loom weaver was performed at the light exertional level, the ALJ determined at step four that the Plaintiff is able to perform past relevant work. AR 81. Accordingly, the ALJ found that the Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act. AR 28-29.

4

### D. Analysis

The Plaintiff contends that the ALJ erred by (1) failing to give appropriate weight to the opinions of her treating physicians, (2) failing to give appropriate weight to the opinion of a consulting physician, and (3) disregarding the significance of the Plaintiff's alleged anxiety and depression. The Court will consider each of these arguments in turn.

**1. Treating Physicians' Opinions**

The Plaintiff claims that the ALJ erred by failing to give appropriate weight to the opinions of her treating physicians, Dr. Anil Harrison, Dr. Tim Micek, and Dr. Luis Vascello. In general, an ALJ should give more weight to the opinions of treating physicians than other sources because

> these sources are likely to be the medical professionals most able to provide a detailed longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)). However, the Sixth Circuit "has consistently stated that the Secretary is not bound by the treating physician's opinions, and that such opinions receive great weight only if they are supported by sufficient clinical findings and are consistent with the evidence." *Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993) (citing *Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990)). In other words, "the Secretary may reject a treating physician's opinion if good reasons are identified for not accepting it." *Bogle*, 998 F.2d at 348.

In this case, the Court finds that the ALJ's decision to discount the opinion of Dr. Harrison was supported by substantial evidence. Dr. Harrison recorded the Plaintiff's assertion

that she was disabled due to her back. AR 435. Furthermore, Dr. Harrison stated that the Plaintiff could not lift more than ten pounds, must change positions frequently, and should not sit, stand, or walk for prolonged periods. AR 435. However, the ALJ recognized that Dr. Harrison's own treatment records show that during multiple examinations, the Plaintiff had a normal lumbar spine alignment and no costovertebral angle tenderness. AR 80. Furthermore, consultative physician Dr. Barry Burchett's examination revealed that the Plaintiff had no tenderness, redness, or swelling in her hip, knees, ankles, or feet. AR 80, 376. Dr. Burchett also observed that the Plaintiff had a normal gait, was comfortable in the supine and sitting positions, had negative straight leg raising tests, could walk on her heels and toes, and could tandem walk without difficulty. AR 80, 375-76. The ALJ also cited the reports of two medical consultants, including Dr. James Ramsey. AR 81. Dr. Ramsey reviewed the record and determined that the Plaintiff could frequently lift and/or carry up to twenty-five pounds and could sit, stand, or walk, with normal breaks, for a total of about six hours in an eight hour workday. AR 409. In light of these various reports and records, including Dr. Harrison's own treatment records, the Court finds that the ALJ's decision to reject Dr. Harrison's ultimate assessment was supported by substantial evidence.

The Court also finds that the ALJ gave appropriate weight to the opinions of Dr. Micek. Dr. Micek diagnosed the Plaintiff with left greater trochanteric bursitis, degenerative disc disease in the thoracic and lumbosacral spines, and low back pain with bilateral leg pain. AR 80, 204. Despite the Plaintiff's assertion to the contrary, the ALJ did consider Dr. Micek's treatment notes and specifically found at step two that the Plaintiff suffered from left greater trochanteric bursitis and degenerative disc disease in the thoracic and lumbosacral spines, consistent with Dr. Micek's

report.  AR 77, 80.  Nevertheless, the ALJ found that the Plaintiff has the RFC to perform work at the medium exertional level and thus, can perform her past relevant work as a fabricator weaver and loom weaver.  AR 79-81.  This is consistent with Dr. Micek's records, which did not indicate that the Plaintiff had any functional limitations.  *See Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 596 (6th Cir. 2005) (recognizing that a lack of physical restrictions can constitute substantial evidence for a finding of non-disability).  Furthermore, despite Dr. Micek's pain diagnosis, his own report noted that the Plaintiff had only mild or moderate tenderness, her rheumatoid factor was within normal limits, she had a negative straight leg raise bilaterally, and she maintained full strength in her legs.  AR 203-06.  Plus, Dr. Micek only discussed "conservative treatment" with the Plaintiff.  AR 204, 206.  Accordingly, the Court finds that the ALJ gave appropriate weight to the opinions of Dr. Micek and the ALJ's decision to reject Dr. Micek's pain diagnosis was supported by substantial evidence.

The Court also rejects the Plaintiff's argument that the ALJ failed to give appropriate weight to the opinions of Dr. Vascello.  The Defendant concedes that the ALJ did not specifically discuss Dr. Vascello's treatment records.  However, the Plaintiff does not indicate how the ALJ's decision is inconsistent with Dr. Vascello's findings.  Furthermore, while the Plaintiff mentions the various diagnoses made by Dr. Vascello, she fails to identify the functional limitations arising from these diagnoses.  The Sixth Circuit has recognized that the mere diagnosis of a condition says nothing about the severity of that condition.  *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988); *see also Maher v. Sec'y of Health & Human Servs*, 898 F.2d 1106, 1109 (6th Cir. 1989) (noting that "a lack of physical restrictions constitutes substantial evidence for a finding of non-disability").  For these reasons, the Court finds that the Plaintiff's claim related to Dr. Vascello is baseless.

### 2. Consulting Physician's Opinions

The Plaintiff also claims that the ALJ improperly rejected the opinion of consulting physician Dr. Barry Burchett. Specifically, Dr. Burchett diagnosed the Plaintiff with a degenerative disk disease of the thoracic and lumbar spine and concluded that the Plaintiff "would be limited in activities that require prolonged sitting, stooping, or lifting. She will need to be able to change positions frequently." AR 377.

In general, the opinion of a consulting physician is not entitled to the deference due to the opinion of a treating physician. *See e.g., Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). Moreover, an ALJ may reject a consulting physician's opinion based on substantial evidence in the record. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 390-91 (6th Cir. 1999) (finding that substantial evidence supported an ALJ's rejection of a consulting psychologist's opinion); *see also Whitfield v. Astrue*, 2009 WL 1684489, at *2 (M.D. Tenn. 2009).

In this case, the ALJ noted that Dr. Burchett's examination report does not support his conclusion regarding the Plaintiff's limitations. Specifically, Dr. Burchett's examination found that the Plaintiff had no tenderness, redness, or swelling in her hip, knees, ankles, or feet. AR 80, 376. Dr. Burchett also observed that the Plaintiff had a normal gait, was comfortable in the supine and sitting positions, had negative straight leg raising tests, could walk on her heels and toes, and could tandem walk without difficulty. AR 80, 375-76. Dr. Burchett further noted that the Plaintiff had no tenderness or spasm in the cervical spine. AR 80, 376. In short, Dr. Burchett's conclusion regarding the Plaintiff's limitations is not supported by his full report. Accordingly, the Court finds that the ALJ's decision to give Dr. Burchett's conclusion little weight was supported by substantial evidence. AR 80.

### 3. Plaintiff's Anxiety and Depression

Lastly, the Plaintiff argues that "[t]he ALJ erred in failing to find that Plaintiff is unable to engage in substantial and gainful employment as the result of her anxiety and depression." Rec. 9. Since the ALJ found that the Plaintiff's anxiety and depression were not severe impairments, the Court construes the Plaintiff's argument as claiming that the ALJ erred at step two.

At step two of the five step sequential evaluation process, the claimant must show that she suffers from a severe impairment or a combination of impairments that are severe. *See* 20 C.F.R. § 404.1520(c). The ALJ applied the appropriate legal standards at step two and, after evaluating the record as a whole, found that the Plaintiff's mental impairment of an anxiety/depressive disorder was not severe. AR 76-79.

The Court holds that the ALJ's findings at step two were supported by substantial evidence. First, the ALJ cited the reports of state agency psychologists Dr. Laura Cutler and Dr. Lea Perritt. AR 78 (citing Exhibits 6F and 12F). Dr. Cutler noted that the Plaintiff "was described as cooperative with no signs of significant mood disturbance, distress or anxiety," before finding that the Plaintiff had no severe mental impairments. AR 290-302. Dr. Perritt agreed with this assessment. AR 416-28. Second, the ALJ noted that the Plaintiff presented no evidence of visits to a mental health practitioner. AR 78. In fact, the Plaintiff indicated that she had never seen a psychiatrist. AR 285. Third, the ALJ relied on the consultative examination of Dr. Robert Eardley. AR 78, 285-88. Although Dr. Eardley diagnosed the Plaintiff with an anxiety/depressive disorder, this diagnosis was based solely and explicitly on the Plaintiff's statements. Dr. Eardley's own opinion was that the Plaintiff could make personal and social

9

adjustments and could understand, remember, and carry out instructions. AR 288. Dr. Eardley also noted that the Plaintiff was oriented, had an intact memory, had no deterioration in her personal habits, and was cooperative throughout the examination. AR 287-88. Fourth, the ALJ also relied on the Plaintiff's own statements. AR 78. The Plaintiff indicated that she can complete various household chores, including making the bed, washing dishes, and doing laundry. AR 22, 286. In light of the foregoing evidence, the Court holds that the ALJ's findings at step two were supported by substantial evidence.

Finally, the Court rejects the Plaintiff's argument that the ALJ should have accepted the opinion of Paul Acra, a licensed clinical social worker. Mr. Acra opined that the Plaintiff was seriously limited in her ability to interact with others and added that "[a]t this time I cannot imagine that this woman could work." AR 432. Nevertheless, the Court finds that the ALJ properly discounted Mr. Acra's report. As district courts within the Sixth Circuit have recognized, licensed clinical social workers are not considered "acceptable medical sources" as defined by 20 C.F.R. §§ 404.1513(a) and 416.913(a), whose opinions may be given controlling weight. *See e.g., Langford v. Astrue*, 2010 WL 3516827, at *6 (W.D.Ky. 2010). While Mr. Acra's opinion is important and should be evaluated on the key issue of impairment severity, the ALJ noted that Mr. Acra lacked mental health training and provided no specific medical findings to support the restrictions he alleged. AR 78, 432. Furthermore, Mr. Acra's opinion that the Plaintiff is unable to work is an opinion reserved to the Commissioner and therefore, not entitled to any special significance. 20 C.F.R. §§ 404.1527(e), 416.927(e). Accordingly, the Court finds that the ALJ's decision to reject the opinion of Mr. Acra was supported by substantial evidence.

## III. CONCLUSION

For the reasons set forth above, the Court holds that the ALJ's decision denying the Plaintiff's claim for benefits is supported by substantial evidence. Accordingly, the Court **HEREBY ORDERS** as follows:

(1) Plaintiff's Motion for Summary Judgment (Rec. No. 9) is **DENIED**; and

(2) Defendant's Motion for Summary Judgment (Rec. No. 10) is **GRANTED**.

This the 4th day of January, 2011.

Signed By:
*Karen K. Caldwell*
**United States District Judge**